7 A.3d 777

IN THE MATTER OF LARRY BRONSON, AN ATTORNEY AT LAW (ATTORNEY NO. 26311970).

November 18, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–364, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **LARRY BRONSON** of **NEW YORK, NEW YORK,** who was admitted to the bar of this

State in 1970, and who has been temporarily suspended from the practice of law since January 23, 2008, should be suspended from the practice of law for a period five years based on respondent's conviction in the United States District Court for the Eastern District of New York of illegal structuring of financial transactions, in violation of 31 *U.S.C.* § 5324(a)(3) and (d)(1), conduct that in New Jersey constitutes violations of *RPC* 8.4(b) (criminal act that reflects adversely on a lawyers' honesty, trustworthiness, or fitness as a lawyer) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having concluded that the term of suspension should be retroactive to January 23, 2008, the date on which respondent was temporarily suspended from the practice of law by Order of this Court issued pursuant to *Rule* 1:20–13(b);

And good cause appearing;

It is ORDERED that **LARRY BRONSON** is suspended from the practice of law for a period of five years and until the further Order of the Court, retroactive to January 23, 2008; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Commit tee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.